UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JOSHUA GOODWIN,<br>               Plaintiff,<br>     v.<br>SGT. G. HUNGERFORD,<br>SGT. FELE, JOHN DOE,<br>C.O. J. EDGAR,<br>S-C.O. JOHN DOE, and<br>C.O. JOHN DOE,<br>               Defendants. | REPORT<br>and<br>RECOMMENDATION<br>---------------------------<br>DECISION<br>and<br>ORDER<br><br>12-CV-00362A(F) |

_____

APPEARANCES:        JOSHUA GOODWIN, *Pro Se*
98-B-1542
Great Meadow Correctional Facility
Box 51
Comstock, New York  12821-0051

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL, STATE OF NEW YORK
Attorney for Defendants
KIM S. MURPHY
Assistant Attorney General, of Counsel
Main Place Tower
Suite 300A
350 Main Street
Buffalo, New York  14202

**<u>JURISDICTION</u>**

This action was referred to the undersigned on May 20, 2013, by Honorable Richard J. Arcara for all pretrial matters, including report and recommendation on dispositive motions.  The matter is presently before the court on Defendants' motion to

1

dismiss (Doc. No. 9), filed March 22, 2013, and Plaintiff's motion for leave to file an amended complaint (Doc. No. 15), filed July 1, 2013.[1]

## BACKGROUND

Plaintiff Joshua Goodwin ("Goodwin" or "Plaintiff"), proceeding *pro se*, commenced this civil rights action seeking money damages for injuries sustained on November 21, 2011, while incarcerated at Southport Correctional Facility ("Southport" or "the correctional facility").  Plaintiff specifically alleges that Defendants, all employees of New York State Department of Corrections and Community Supervision ("DOCCS"), forced Plaintiff, who suffers from degenerative disc disease and had a knee replaced, to walk down stairs, while in full mechanical restraints, causing Plaintiff to fall and sustain injuries.  Plaintiff alleges as claims for relief denial of due process in violation of the Fourteenth Amendment, and failure to protect in violation of the Eighth Amendment.

On March 22, 2013, Defendants filed the instant motion to dismiss the action for failure to state a claim (Doc. No. 9) ("Defendants' Motion"), and Defendants' Memorandum of Law in Support of Motion to Dismiss (Doc. No. 10) ("Defendants' Memorandum").  In opposition to Defendants' motion, Plaintiff filed on July 1, 2013, a Motion for Enlargement of Time Pursuant to F.R.C.P. 6(b) (Doc. No. 15) ("Plaintiff's Motion"), requesting an extension of time in which to conduct discovery so as to obtain the names of John Doe defendants.  In further support of Defendants' Motion and in opposition to Plaintiff's Motion, Defendants filed on July 12, 2013, the Declaration of Assistant Attorney General Kim S. Murphy (Doc. No. 16) ("Murphy Declaration").  On

---

[1] Although Defendants' motion seeking dismissal for failure to state a claim, is dispositive, whereas Plaintiff's motion to amend is nondispositive, both motions are addressed in this combined Report and Recommendation and Decision and Order in the interests of clarity and judicial economy.

August 12, 2013, Plaintiff filed his Declaration in Further Support of Extension of Amend Complaint [*sic*] (Doc. No. 18) ("Plaintiff's Declaration").  Oral argument was deemed unnecessary.

Based on the following, Defendants' Motion should be GRANTED; Plaintiff's Motion is DENIED.

# **FACTS**[2]

Plaintiff Joshua Goodwin ("Goodwin" or "Plaintiff"), proceeding *pro se*, commenced this civil rights action seeking money damages for injuries sustained while incarcerated at Southport Correctional Facility ("Southport" or "the correctional facility"). Plaintiff specifically alleges that on November 21, 2011, despite suffering from degenerative disc disease and having undergone knee-replacement surgery, he was forced by Defendants, all employees of New York State Department of Corrections and Community Supervision ("DOCCS"), to walk down stairs while fully restrained with hands cuffed behind his back and tethered to a waist chain, and legs shackled. According to Plaintiff, descending stairs while so restrained caused pain in his replaced knee and his back to give out, as a result of which Plaintiff fell, hitting the left side of his head on which he sustained a cut, and exacerbating his knee and back pain.  While Plaintiff was lying on the floor, correctional facility staff were called to aid Plaintiff, but when Plaintiff alleged he had a back injury, no attempt was made to move Plaintiff until medical staff arrived.

Following the fall, Plaintiff was transported by ambulance to Arnot Ogden Medical Center ("AOMC" or "the hospital") in Elmira, New York, where Plaintiff was examined at

---

[2] Taken from the pleadings and motion papers filed in this action.

the emergency room and diagnosed with head and low back pain caused by the fall. Plaintiff was also assessed as having a contusion on the right, front side of his head, and it was noted Plaintiff ambulated with difficulty.

On November 25, 2011, Plaintiff filed an inmate grievance ("inmate grievance"), alleging a corrections officer had falsely accused Plaintiff of threatening to throw feces and when Plaintiff was escorted off the company in full mechanical restraints, Plaintiff's back gave out, but none of the escorting corrections officers rendered assistance. According to the Superintendent's Response ("Superintendent's Response"),[3] issued December 9, 2011, Plaintiff's grievance, after being "thoroughly investigated by an assigned security supervisor," including interviews of the escorting officers and review of a video tape of the escort made by one of the officers based on the alleged threats to throw feces at staff, was denied because no evidence showed any attempt by Plaintiff to garner assistance, and the video did not show Plaintiff requesting assistance or advising Defendants of his prior back problems. Also, a review of Plaintiff's medical records established that although Plaintiff had requested a "lock on flats" order ("flats order"), requiring Plaintiff be housed where the need to move between floors was minimal, the correctional facility's medical providers deemed such order unnecessary. Finally, no directive or protocol mandates the correctional facility's medical staff control an inmate's waist chain or arms during movement down stairwells. In the absence of any evidence of malice on the part of the security staff involved in the incident, Plaintiff's inmate grievance was denied. In his statement indicating he was appealing the Superintendent's Response, Plaintiff stated "[t]he staff did not want to hear any thing

---

[3] A copy of the Superintendent's Response is attached to the Complaint.

4

[*sic*] that I had to say.  They just kept hollering at me to turn around for cuffs."
Superintendent's Response.

On appeal to the Inmate Grievance Program Central Office Review Committee ("CORC"), the Superintendent's Response was upheld ("CORC Decision").[4]  In particular, the CORC observed that on October 8, 2011 and October 19, 2011, Plaintiff was evaluated by his primary care provider with the Facility Health Services Directors ("FHSD") in connection with Plaintiff's request for a flats lock order, and each time "no medical indication was found for housing him on the flats."  CORC Decision.  A copy of a Medical Restriction Permit ("Medical Restriction Permit")[5] dated September 17, 2008, and issued at Wende Correctional Facility, indicates Plaintiff had a permanent medical restriction for which Plaintiff was to have a flats order and be assigned only to the bottom bunk.

## **DISCUSSION**

Defendants move pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)") to dismiss the Complaint for failing to state a claim for which relief can be granted, asserting that of the three named Defendants, only two, Sgt. Greg Hungerford ("Hungerford"), and Corrections Officer J. Edgar ("Edgar"), have been served, and that no one with the name Sgt. Fele ("Fele"), or any similar name worked at Southport during the relevant period of time, Defendants' Memorandum at 1, Plaintiff has failed to state a cognizable claim under either the Eighth or Fourteenth Amendment, *id.* at 3-6, Defendants' alleged acts constitute nothing more than negligence which does not rise to an Eighth Amendment violation, *id.* at 6-7, and Defendants lack the requisite personal involvement

---

[4] A copy of the CORC Decision is attached to the Complaint.
[5]  A copy of the Medical Restrictions Permit is attached to the Complaint.

for a § 1983 claim. *Id.* at 7-8. In opposition, Plaintiff filed his motion seeking discovery to obtain the names of Defendants sued as "John Does." Plaintiff's Motion ¶ 2. In further support of dismissal, and in opposition to Plaintiff's Motion, Defendants argue that the scant argument set forth in Plaintiff's Motion is insufficient either to oppose Defendants' Motion, or to support Plaintiff's request for leave to file an amended complaint because the identification of the John Doe Defendants will not cure the Complaint's factual deficiencies. Murphy Declaration ¶¶ 5-6. In further support of his motion, Plaintiff reiterates the factual allegations of the Complaint and repeats his request for leave to file an amended complaint in which the John Doe Defendants are correctly identified. Plaintiff's Declaration at 1-2. A review of the papers establishes Defendants' Motion should be GRANTED, and Plaintiff's Motion should be DENIED.

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (accepting as true all factual allegations in the complaint and drawing all reasonable inferences in plaintiff's favor). Two recent Supreme Court cases require application of "a 'plausibility standard,' which is guided by '[t]wo working principles.'" *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Further, the same analysis applies to a motion to dismiss pursuant to Rule 12(b)(6), as to a motion for judgment on the pleadings under Rule 12(c). *Johnson*, 569 F.3d at 43.

6

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 678). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570. Consideration is given only to facts stated on the face of the complaint, as well as to those facts appearing "in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999). Further, the court is obligated to liberally construe a complaint alleging a § 1983 claim. *Leonard Partnership v. Town of Chenango*, 779 F.Supp. 223, 234 (N.D.N.Y. 1991) (construing allegation by plaintiff, represented by counsel, that defendant town denied building permit as due process violation even though § 1983 was not mentioned in the complaint where such construction did not prejudice town given that defendant itself had construed complaint as based on § 1983 and accordingly addressed claim).

Here, Plaintiff seeks monetary damages pursuant to 42 U.S.C. § 1983 ("§ 1983"), for alleged civil rights violations.  Section 1983, "allows an action against a 'person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'"  *Patterson v. County of Oneida*, N.Y., 375 F.3d 206, 225 (2d Cir. 2004) (quoting 42 U.S.C. § 1983).  Section 1983, however, "'is not itself a source of substantive rights.'"  *Patterson*, 375 F.3d at 225 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  Rather, § 1983 "merely provides 'a method for vindicating federal rights elsewhere conferred'. . . ." *Id*.  The elements of a § 1983 claim include (1) the deprivation of a federal constitutional or statutory right, and (2) by a person acting under color of state law.  *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (citing *Gomez v. Taylor*, 466 U.S. 635, 640 (1980)).  In the instant case, that Defendants were acting under color of state law in placing restraints on Plaintiff and then escorting Plaintiff down stairs at the correctional facility is undisputed, thus satisfying the second element.  With regard to the first element, however, the Complaint fails to state claim under either of the grounds for relief indicated against Defendants, including violations of due process and failure to protect.  Complaint § 5.

Plaintiff's due process claim is alleged pursuant to the Fourteenth Amendment.  Defendants assert in support of dismissal that no "due process claim violation [could] be inferred by virtue of the facts alleged other than that the Eighth Amendment applies to the States through the Due Process Clause of the Fourteenth Amendment."  Defendants' Memorandum at 4-5 n. 2.  Plaintiff offers no argument in opposition.

"To prove a violation of due process, a plaintiff must establish that (1) he possessed a liberty interest and (2) defendants deprived him of that interest without sufficient process." *Walker v. Fisher*, 523 Fed.Appx. 43, 44 (2d Cir. 2013) ("*Walker*") (citing *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001)); *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (quoting *Giano,* 238 F.3d at 225). An inmate's protected liberty interest is implicated only where the conduct at issue imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Walker*, an inmate with a history of committing violent acts and making threats against corrections officers and other inmates challenged his placement in physical restraints while housed in SHU as in violation of the inmate's Fourteenth Amendment due process rights. *Walker*, 523 Fed.Appx. at 44. The Second Circuit Court of Appeals held that "[e]ven assuming that an inmate has a liberty interest in being free from bodily restraints while incarcerated," the requisite due process is afforded by "'informal, nonadversary procedures,'" where an inmate with a prison disciplinary record such as the plaintiff is concerned. *Walker*, 523 Fed.Appx. at 44 (quoting *Wilkinson v. Austin*, 545 U.S. 209, 228-29 (2005)). *See also Brown v. Coughlin*, 1995 WL 643349, at * 3 (W.D.N.Y. Oct. 13, 1995) (placing an inmate in mechanical restraints does not impose the "atypical and significant hardship" envisioned in *Sandin,* 515 U.S. at 484, and holding an inmate "does not have a liberty interest in being unencumbered by mechanical restraints during his exercise period.").

In the instant case, Plaintiff cannot state a due process violation based on the application of mechanical restraints as Plaintiff had no liberty interest in remaining free of such restraints so as to trigger dues process protections. *Brown*, 1995 WL 643349,

9

at * 3. Furthermore, even if Plaintiff did have such a liberty interest, the record establishes the mechanical restraints were applied to Plaintiff pursuant to a Restraint Order ("Restraint Order")[6] in place from November 21, 2011 until November 27, 2011, issued in response to Plaintiff's threats to throw feces on correctional facility staff. *Walker*, 523 Fed.Appx. at 44 (finding sufficient due process existed, assuming, *arguendo*, plaintiff possessed liberty interest in being free from mechanical restraints, where record established restraints were applied pursuant to written restraint order). Accordingly, Defendants' Motion should be GRANTED as to Plaintiff's Fourteenth Amendment due process claim.

With regard to Plaintiff's Eighth Amendment, Plaintiff essentially alleges Defendants failed to protect Plaintiff by creating the prison conditions in which Plaintiff sustained injuries, specifically, ordering Plaintiff to walk down stairs while in full mechanical restraints, including hands cuffed behind his back and tethered to a waist chain with legs shackled, thereby creating the circumstances which aggravated Plaintiff's degenerative disc disease and knee pain, causing Plaintiff's back and knee to give way, resulting in Plaintiff falling down the stairs, landing on his head which sustained a contusion, and exacerbating Plaintiff's back and knee pain. A prison inmate's failure to protect claim challenges the conditions of confinement as in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (the Eighth Amendment not only prohibits prison officials from using excessive physical force against inmates, but also requires prison officials provide humane conditions of confinement, including ensuring inmates receive adequate food, clothing, shelter and medical care, as well as taking reasonable

---

[6] A copy of the Restraint Order is attached to the Complaint.

measures to guarantee the safety of inmates).   As such, the only portion of the Eighth Amendment relevant to Plaintiff's claims is the prohibition against "cruel and unusual punishments," U.S. CONST. amend. VIII, based on the prison conditions in which Defendants failed to protect Plaintiff by ordering Plaintiff to descend stairs while, despite numerous physical impairments, in mechanical restraints that interfered with Plaintiff's ability to safely navigate stairs.

To establish an Eighth Amendment violation based on prison conditions, a plaintiff must demonstrate "that it is contrary to current standards of decency for anyone to be exposed against his will" to the challenged prison conditions.  *Helling v. McKinney*, 509 U.S. 25, 35 (1993).  An Eighth Amendment claim based on prison conditions must satisfy

> both an objective element - - that the prison official's transgression was "sufficiently serious" - - and a subjective element - - that the officials acted, or omitted to act, with a "sufficiently culpable state of mind," *i.e.*, with "deliberate indifference to inmate health or safety."

*Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Farmer*, 511 U.S. at 834).

As to the objective element, while the Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), prison inmates may not be denied "the minimal civilized measure of life's necessities."  *Id.* at 347.  The Supreme Court has held that the Eighth Amendment requires that inmates not be deprived of their "basic human needs - - *e.g.*, food, clothing, shelter, medical care, and reasonable safety."  *Helling*, 509 U.S. at 32 (internal citation and quotation omitted).  "Nor may prison officials expose prisoners to conditions that 'pose an unreasonable risk of serious damage to [their] future health.'" *Phelps*, 308 F.3d at 185 (quoting *Helling*,

11

509 U.S. at 35). The Eighth Amendment's objective prong requires an inmate "prove that the conditions of his confinement violate contemporary standards of decency." *Id.*

As to the subjective element, the Supreme Court has held that

a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Farmer*, 511 U.S. at 837.

The "deliberate indifference" element is equivalent to criminal law's reckless indifference standard. *Id.* at 839-40. In the instant case, the Complaint fails to allege sufficient facts which, if decided in Plaintiff's favor, would demonstrate the subjective element[7] of a plausible Eighth Amendment failure to protect claim based on prison conditions, *i.e.*, that Defendants acted with deliberate indifference to an unreasonable risk to Plaintiff's health or safety. *Phelps*, 308 F.3d at 185.

In particular, prison officials have wide latitude to place restraints on inmates and only violate the Eighth Amendment if the imposed restraint is "totally without penological justification, grossly disproportionate, or involves the unnecessary and wanton infliction of pain." *Horne v. Coughlin*, 155 F.3d 26, 31 (2d Cir. 1998) (citations omitted). Here, the Restraint Order that was in place from November 21, 2011 until November 27, 2011, was issued in response to Plaintiff's threats to throw feces on correctional facility staff and, thus, was penologically justified. Nor does Plaintiff allege that the use of mechanical restraints is a disproportionate response to the threat of thrown feces. Further, although Plaintiff attributes his fall down the stairs and resulting injuries to the

---

[7] Defendants do not set forth any argument as to the objective element of Plaintiff's Eighth Amendment claim.

mechanical restraints, Plaintiff does not allege any pain from the actual application of the mechanical restraints.

Moreover, Plaintiff fails to allege any facts which, construed in Plaintiff's favor, could plausibly establish Defendants were aware of, yet disregarded, Plaintiff's medical condition in ordering Plaintiff to descend stairs while in mechanical restraints that, given Plaintiff's medical condition, rendered it difficult to obey the command.  Nor does Plaintiff allege that he had a medical restriction from such activity at that time.  Although attached to the Complaint is a copy of a Medical Restriction Permit issued on September 17, 2008, to Plaintiff, then incarcerated at Wende Correctional Facility, granting Plaintiff a "flats order" and requiring Plaintiff be assigned to a bottom bunk, Plaintiff, upon being transferred to Southport, failed to obtain a new medical restriction, such that no DOCS employee at Southport, such that the individual Defendants would have known that Plaintiff's physical impairments, even if obvious, interfered with Plaintiff's ability to navigate stairs.  Nor does Plaintiff assert he ever produced or referenced a medical permit restricting him from climbing stairs, as was Plaintiff's responsibility.  Such evidence is consistent with both the Superintendent's Response and the CORC Decision regarding Plaintiff's Inmate Grievance, reporting that upon investigating the November 21, 2011 incident, the IGRC found Plaintiff was evaluated, at Plaintiff's request, for a "flats order" on October 8, 2011, and October 19, 2011, but "no medical indication was found for housing him on the flats."   Superintendent's Decision; CORC Decision.

The Complaint thus fails to allege sufficient facts establishing the subjective element of Plaintiff's Eighth Amendment claim alleging failure to protect based on prison

conditions.  *Phelps*, 308 F.3d at 185.  Nor does the Complaint sufficiently allege any Defendants were personally involved in the claimed Eighth Amendment deprivations, as required for an award of damages under § 1983.  *Spavone v. New York State Dept. of Correctional Services*, 719 F.3d 127, 135 (2d Cir. 2013) ("'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995))).  As such, the conduct on which Plaintiff's Eighth Amendment claim is predicated can be nothing more than negligence, which does not rise to a constitutional violation under § 1983.  *See Bennett v. City of New York*, 69 Fed.Appx. 11, 12 (2d Cir. June 23, 2003) (affirming district court's finding that inmate plaintiff, who slipped in a pool of water and fell while emerging from a correctional facility's shower, had alleged a "simple negligence claim" which did not support a constitutional violation).

Defendants' Motion should be GRANTED as to Plaintiff's Eighth Amendment claim, and the Complaint should be DISMISSED with prejudice.[8]

Although dismissal of a Complaint for failure to state a claim generally is without prejudice to the filing of an amended complaint, particularly where it is conceivable that the plaintiff may be able to file an amended complaint articulating facts curing the defects of the dismissed complaint, leave to amend need not be allowed where it would

---

[8] Although Plaintiff alleged in his Inmate Grievance that Defendants failed to immediately tend to him after he fell, letting Plaintiff lie on the floor, Superintendent's Response, Description of Problem; CORC Decision, not only did Plaintiff fail to indicate in the Complaint that he was alleging a denial of medical treatment, Complaint § 5, and First Claim for Relief, but the record indicates that Plaintiff was transported to AOMC's emergency room, arriving at 6:00 P.M., on November 11, 2011, approximately one hour after he fell at 4:55 P.M.  *See* Emergency Triage and Emergency Telemedicine, both attached to Complaint. This is consistent with statements contained in the Superintendent's Response and the CORC Decision concerning Plaintiff's Inmate Grievance that the escorting officers responded to aid Plaintiff after his fall, but upon learning Plaintiff had injured his back, chose not to move Plaintiff until the correctional facility's medical staff arrived.  Superintendent's Response; CORC Decision.

be futile.  *See Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 91-92 (2d Cir. 2003) (noting "it is often appropriate for a district court, when granting a motion to dismiss for failure to state a claim, to give the plaintiff leave to file an amended complaint . . . " but such leave was unnecessary where further amendment to the complaint would be futile).  Here, regardless of whether amendment of the Complaint is considered pursuant to Plaintiff's Motion for leave to do so, or based on the court's recommendation that Defendants' Motion be granted insofar as Defendants seek dismissal for failure to state a claim, the proposed amendments as described by Plaintiff, *i.e.*, identifying the John Doe Defendants, Plaintiff's Motion ¶ 2; Plaintiff's Declaration at 2, establishes that amendment would be futile because such amendment would not cure the Complaint's deficiencies.

     In particular, the undersigned's recommendation that the Complaint be dismissed is based on Plaintiff's failure to allege sufficient facts establishing Defendants' application of mechanical restraints on Plaintiff and then ordering Plaintiff to descend the stairs was undertaken either in violation of a Medical Restriction Permit, or with knowledge that Plaintiff suffered from degenerative disc disease and had undergone a knee replacement procedure.  Simply, substituting the correct names of the John Doe Defendants will not, without more, cure the deficiencies of the Complaint, including that placing Plaintiff in mechanical restraints did not constitute a deprivation of liberty supporting a Fourteenth Amendment due process claim, and nothing in the record establishes any Defendant knew of, yet disregarded, Plaintiff's physical impairments thereby creating the circumstances under which Plaintiff fell down the stairs, as required to support an Eighth Amendment claim based on prison conditions.  In particular,

Plaintiff has not alleged he was the subject of any medical restrictions relating to his movement while housed at Southport of which any Defendant, including any John Doe Defendant, could conceivably have been aware.  As such, Plaintiff's Motion seeking leave to file an amended complaint is DENIED.

Finally, insofar as Plaintiff named "Fele" as a Defendant, Defendants maintain, Defendants' Memorandum at 2, and Plaintiff does not dispute, that no one with that name, or a similar name, was employed at Southport during the time relevant to this action, and Defendants' Motion should be granted with regard to Defendant Fele. Furthermore, the Complaint should be dismissed pursuant to Fed.R.Civ.P. 4(m) ("Rule 4(m)"), as to the John Doe Defendants who have not been served.  Specifically, Rule 4(m) provides

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice. . . or direct that service be effected within a specific time. . . .

Here, however, Plaintiff's failure to identify the John Doe Defendants would render an order extending the time in which to serve futile because, as discussed above, Discussion, supra, at 14-15, even with the identity of the John Doe Defendants, the factual allegations of the Complaint are too thin, *i.e.*, implausible, to support any claim against Defendants such that extending the time in which to serve the John Doe Defendants would be futile.

Plaintiff's Motion seeking leave to file an amended complaint is, therefore, DENIED.

## **CONCLUSION**

Based on the foregoing, Defendants' Motion (Doc. No. 9), should be GRANTED; Plaintiff's Motion (Doc. No. 15), is DENIED. The Clerk of the Court should be directed to close the file.

                Respectfully submitted, as to Defendants' Motion
                to dismiss for failure to state a claim,

                /s/ *Leslie G. Foschio*
                _____
                LESLIE G. FOSCHIO
                UNITED STATES MAGISTRATE JUDGE

SO ORDERED, as to Plaintiff's
Motion seeking leave to file an
amended complaint.

                /s/ *Leslie G. Foschio*
                _____
                LESLIE G. FOSCHIO
                UNITED STATES MAGISTRATE JUDGE

DATED:    March 24, 2014
               Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   March 24, 2014
         Buffalo, New York